**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4353**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ARNULFO FAGOT-MAXIMO, a/k/a El Tio,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Liam O'Grady, District Judge.  (1:15-cr-00290-LO-6)

Submitted: January 28, 2020                          Decided:  February 26, 2020

Before AGEE, FLOYD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Miriam Airington-Fisher, AIRINGTON STONE & ROCKECHARLIE, PLLC, Richmond, Virginia, for Appellant.  Brian A. Benczkowski, Assistant Attorney General, Anthony Aminoff, Narcotics & Dangerous Drug Section, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; G. Zachary Terwilliger, United States Attorney, Thomas W. Traxler, Assistant United States Attorney, James L. Trump, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arnulfo Fagot-Maximo was convicted by a federal jury of conspiracy to distribute five kilograms or more of cocaine knowing and intending that it will be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 959(a), 963 (2018). The district court sentenced Fagot-Maximo to 396 months' imprisonment and he now appeals. On appeal, Fagot-Maximo contends that the district court erred by denying (1) his motion to suppress, (2) his motion for judgment of acquittal, and (3) his motion to set aside the verdict and grant a new trial. For the following reasons, we affirm.

Fagot-Maximo first contends that the district court reversibly erred by denying his motion to suppress the in-court identifications of three government witnesses. In considering a district court's ruling on a motion to suppress, "we review factual findings for clear error and legal determinations de novo[,] . . . constru[ing] the evidence in the light most favorable to the prevailing party." *United States v. Lull*, 824 F.3d 109, 114-15 (4th Cir. 2016) (internal quotation marks omitted). "Due process principles prohibit the admission at trial of an out-of-court identification obtained through procedures 'so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.'" *United States v. Saunders*, 501 F.3d 384, 389 (4th Cir. 2007) (quoting *Simmons v. United States*, 390 U.S. 377, 384 (1968)). If a witness' out-of-court photo identification is unreliable and therefore inadmissible, then any in-court identification is also inadmissible. *Simmons*, 390 U.S. at 384; *see Saunders*, 501 F.3d at 390. We have reviewed the record on this point and find no reversible error.

Next, Fagot-Maximo argues that the district court erred by denying his motion for judgment of acquittal because the Government failed to prove that he knew the cocaine he received at his property was destined for the United States. We review the denial of a motion for judgment of acquittal de novo. *United States v. Young*, 916 F.3d 368, 384 (4th Cir.), *cert. denied*, 140 S. Ct. 113 (2019). In this analysis, "a reviewing court views the evidence in the light most favorable to the prosecution and decides whether substantial evidence—that is, evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt—supports the verdict." *Id.* (internal quotation marks omitted). In evaluating the sufficiency of evidence, we do not "consider the credibility of witnesses and must assume the jury resolved all contradictions in testimony in the government's favor." *United States v. Burfoot*, 899 F.3d 326, 334 (4th Cir. 2018). We have reviewed the record and relevant legal authorities and conclude that substantial evidence supported the jury's finding of guilt.

Finally, Fagot-Maximo argues the district court abused its discretion by denying his motion to set aside the verdict and grant a new trial due to the Government's failure to disclose prior to trial (1) the identities of 14 non-testifying confidential sources who he claims possessed exculpatory information, and (2) a letter describing phone calls 2 government witnesses made from jail that he alleges contained exculpatory information and impeachment material. We review the denial of a motion for a new trial for abuse of discretion. *Id.* at 340. "A trial court should exercise its discretion to award a new trial sparingly, and a jury verdict is not to be overturned except in the rare circumstance when

3

the evidence weighs heavily against it." *Id.* (internal quotation marks omitted). To receive a new trial based on the Government's failure to produce exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963), "a defendant must: (1) identify the existence of evidence favorable to the accused; (2) show that the government suppressed the evidence; and (3) demonstrate that the suppression was material." *United States v. King*, 628 F.3d 693, 701 (4th Cir. 2011). For the purposes of *Brady*, a defendant must provide more than mere speculation regarding the existence of any exculpatory evidence to demonstrate the allegedly withheld information would be favorable to his defense. *United States v. Caro*, 597 F.3d 609, 619 (4th Cir. 2010). "There is no *Brady* violation if the evidence is available to the defense from other sources or the defense already possesses the evidence." *United States v. Higgs*, 663 F.3d 726, 735 (4th Cir. 2011).

Additionally, the "informer's privilege" allows the Government "to withhold from disclosure the identity of persons who furnish information about crimes to law enforcement." *United States v. Bell*, 901 F.3d 455, 466 (4th Cir. 2018) (alterations and internal quotation marks omitted), *cert. denied*, 140 S. Ct. 123 (2019). There is not "a bright-line rule for determining when a defendant may pierce the privilege." *Id.* Rather, "the issue instead calls for case-by-case balancing of the public interest in protecting the flow of information to law enforcement against the individual's right to prepare his defense." *Id.* (alterations and internal quotation marks omitted). "Whether disclosure should be ordered therefore depends on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors," such as the safety and security of the

4

informant. *Id.* (internal quotation marks omitted); *see United States v. Smith*, 780 F.2d 1102, 1107 (4th Cir. 1985) (recognizing that "the safety and security of the person supplying the information is best protected by nondisclosure of his identity to those who may cause him harm"). Our review of the record leads us to conclude that the district court did not abuse its discretion by denying this motion.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*